UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:18-cr-29 |
| v. | ) |
| | ) PLEA AGREEMENT |
| MATTHEW JAMES HOWARD, | ) |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, MATTHEW JAMES HOWARD, and Defendant's attorney, enter into this Plea Agreement.

**A. CHARGES**

1. <u>Subject Offenses</u>. Defendant will plead guilty to Count 1 of the Indictment, that is, Threats Against Federal Judge, in violation of Title 18, United States Code, Section 115(a)(1)(B), and Count 2 of the Indictment, that is, Mailing Threatening Communication, in violation of Title 18, United States Code, Section 876(c).

2. <u>No Charges to be Dismissed</u>. There are no charges to be dismissed.

3. <u>No Further Prosecution</u>. The Government agrees that Defendant will not be charged in the Southern District of Iowa nor the Northern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, or (2) any crime of violence.

**B. MAXIMUM PENALTIES**

4. <u>Maximum Punishment</u>. Defendant understands that the crimes in Counts 1 and 2 to which Defendant is pleading guilty each carry a maximum sentence of up to ten years in prison; a maximum fine of $250,000; and a term of supervised release of not more than three years. A

1

mandatory special assessment of $100 per count also must be imposed by the sentencing court. Defendant understands that these sentences may be imposed consecutively, making the statutory maximum twenty years in prison.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to two years in prison, without any credit for time previously served.

6. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence

**C. NATURE OF THE OFFENSE -- FACTUAL BASIS**

7. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Threats Against Federal Judge)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) The defendant threatened to assault, kidnap, or murder a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under 18 U.S.C. § 1114; and

(b) With intent to:
1. impede, intimidate, or interfere with such official, judge, or law enforcement officer while he or she was engaged in the performance of official duties, or
2. with the intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties

2

Defendant further understands that to prove the offense alleged under **Count 2 (Mailing Threatening Communication),** the Government would be required to prove beyond a reasonable doubt the following elements:

- (a) The defendant mailed (or caused to be delivered by the Postal Service according to the directions thereon) a communication addressed to any other person;

- (b) The communication contained a threat to kidnap or to injure a person;

- (c) The defendant acted knowingly and willfully; and

- (d) The recipient was a United States judge, a federal law enforcement officer, or an official who is covered by 18 U.S.C. § 1114.

8. Elements Admitted. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a) On November 28, 2017, Howard wrote a letter in which he threatened to kill Judge Linda R. Reade, United States District Court Judge, Northern District of Iowa. In the letter Howard specifically stated:

> *You sentenced me on my federal case, I was wanting to know if I was under the 65% minimum or the 85%, Also do I have to go to the halfway house after I'm done doing my federal time in prison. I have wrote my attorney that represented me on this case. She hasn't answered me at all. I am also wanting to fill an insificant (sp) of counsel. She didn't do my (??) a lot of time. For that I am going to kill you, make you disappear. I know where you and your family live. I will be to see you when they let me out soon. I will be there very soon to kill you.*
> *Sincerely Matt Howard 11/28/17*

The envelope was addressed to Judge Linda Reade, at an address in Cedar Rapids, Iowa. The letter was received by Judge Reade on November 30, 2017, in the Northern District of Iowa.

(b) On December 28, 2017, Howard admitted post-*Miranda* that he wrote and sent that letter to Judge Reade. He stated he wrote that letter to Judge Reade because he was angry about her rulings in his case involving an acquaintance, and intended to scare her.

(c) Howard threatened to kill Judge Reade, a Federal District Court Judge, in a letter he authored with the intent to intimidate her while she was engaged in the performance of her official duties. Howard mailed this letter through the United States Postal Service. Howard acted knowingly and willfully. Howard knew that these communications would be viewed as threats.

3

(d) On January 16, 2018, United States District Court Judge Carl Barbier, received a letter from Howard. It stated:

> *I am writing in regards to above case number. You sentenced me to 40 months in the above case. I am wanting to know if I am under the 85% act or am I under the 65% like everyone else. I know that they lowered the 85% to 65% for everyone. I am wanting to know if that applied to my case. Do you know if they give us 52 days or 54 days off for good behavior.*
>
> *I am going over my legal work and seen my attorney didn't do several things that I asked her to do. How can I get back into court and get my plea bargain over turned. There has to be some way that I can get back into court. The plea that I took shouldn't no longer be any good or valid since my attorney didn't do anything I asked of her.*
>
> *I will be filing all kinds of motions to get my case and plea bargain back in court and over turned. I am originally from Louisiana, I get out in February. I will fight this all the way to the top. I know where you live. You are dead soon as I get out next month your family to.*

The letter was sent in the United States mail and addressed to Carl Barbier, U.S. District Court Judge, at an address in New Orleans, LA. This letter was received by Judge Barbier on January 16, 2018. This letter was sent to Judge Barbier while Howard was in prison in Oakdale, Iowa, which is located in the Southern District of Iowa.

(e) In February 2018, Howard addressed and sent a letter to Lucy J. Gamon, District Court Judge, in Ottumwa, IA. The letter referenced his case FECR008591 wherein he was sentenced to 20 years for Robbery, Second Degree and Burglary, Second Degree. In the letter he mentions Detective Aaron Vose, Ken Rempe, and prosecutor Lisa Holl. He states they all lied under oath. Howard states *"You, Lisa Holl, Aaron Vose and Ken Rempe are not safe. If me getting back in don't change my out date in April I'm going to kill all three of you this year."* The letter was sent to Judge Gamon by Howard while he was in prison in Oakdale, Iowa, which is located in the Southern District of Iowa.

9. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

4

10. <u>Waiver of Rule 410 Rights</u>. The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Elements Admitted or Attachment A, are admissible against the Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11. <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Northern District of Iowa.

**D. SENTENCING**

12. <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a) The nature of the offenses to which Defendant is pleading guilty;

    (b) Whether the victim(s) is an official victim;

    (c) The nature and extent of Defendant's criminal history (prior convictions); and

    (d) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the

5

Sentencing Guidelines with Defendant's attorney.

13. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

14. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands

6

that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

### E. FINES AND COSTS

18. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

### F. LIMITED SCOPE OF AGREEMENT

20. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

7

21. <u>Agreement Limited to Northern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Northern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

22. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

   (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

   (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

   (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

   (d) Confront and cross-examine adverse witnesses;

   (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

   (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

   (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

23. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal

is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

24. Voluntariness of Plea. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

   (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

   (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

   (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

   (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

25. Consultation with Attorney. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

   (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

   (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

   (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of

9

Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

26. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

27. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

28. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

29. <u>Consent to Proceedings by Video-Conferencing</u>. Defendant consents to any proceedings in this case, including plea proceedings, sentencing proceedings, or any other proceedings, being conducted by video-conferencing technology in use within the Southern and Northern District of Iowa if approved by the Court.

## J. SIGNATURES

30. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea

Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

08-01-18
Date

*Matthew Howard*
MATTHEW JAMES HOWARD

31. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

08-01-2018
Date

Jill M. Johnston
Attorney for Matthew James Howard
222 Third Avenue SE, Ste. 290
Cedar Rapids, Iowa 52401
Telephone: 319-363-9540
Telefax: 319-363-9542
E-Mail: jill_johnston@fd.org

11

32. United States. The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

8/8/18
Date

By: *[signature]*
Melisa K. Zaehringer
Special Assistant U.S. Attorney General
131 E. 4th Street
Davenport, Iowa 52801
Telephone: 563-449-5432
Telefax: 563-449-5433
E-mail: melisa.zaehringer@usdoj.gov

12