UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:18-cr-29 |
| v. | ) | |
| | ) | SENTENCING MEMORANDUM |
| MATTHEW JAMES HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files

this sentencing memorandum in anticipation of the sentencing hearing currently set for January

10, 2018, at 10:30 a.m.

## TABLE OF CONTENTS

I.      **BACKGROUND** ........................................................................................ 1

II.     **SENTENCING CALCULATION** ........................................................... 2

III.    **GOVERNMENT'S RECOMMENDATION** ........................................... 3

## I.      BACKGROUND

On April 5, 2018, a two-count Indictment was filed charging Matthew James Howard

with Threats Against a Federal Judge (Count One) and Mailing Threatening Communication

(Count Two).  (Final Presentence Report, hereinafter "PSR," ECF 33, ¶ 1.)   On August 24,

2018, the defendant was pled guilty to Counts One and two of the Indictment. (PSR ¶ 2.)

The government filed objections to the PSR, specifically to release status on the face

sheet and to the inclusion of three extra "counts" for grouping.  (ECF 31.)  The defendant filed

several objections; however, none of which affect the advisory guideline sentence.  (ECF 29.)

## II.     SENTENCING CALCULATION

In the presentence report paragraphs 21-66 and 165, the defendant's guideline range was calculated as follows:

Group 1 (victim U.S. District Court Judge Linda R. Reade)

| | |
|---|---|
| USSG §2A6.1 | 12 |
| USSG §3A1.2(b) | +6 |
| Adjusted Offense Level | 18 |

Group 2 (victim U.S. District Court Judge Carl Barbier)

| | |
|---|---|
| USSG §2A6.1 | 12 |
| USSG §3A1.2(b) | +6 |
| Adjusted Offense Level | 18 |

Group 3 (victim District Court Judge Lucy C. Gamon)

| | |
|---|---|
| USSG §2A6.1 | 12 |
| USSG §3A1.2(b) | +6 |
| Adjusted Offense Level | 18 |

Group 4 (victim Detective Aaron Vose)

| | |
|---|---|
| USSG §2A6.1 | 12 |
| USSG §3A1.2(b) | +6 |
| Adjusted Offense Level | 18 |

Group 5 (victim Officer Ken Rempe)

| | |
|---|---|
| USSG §2A6.1 | 12 |
| USSG §3A1.2(b) | +6 |
| Adjusted Offense Level | 18 |

Group 6 (victim Prosecutor Lisa Holl)

| | |
|---|---|
| USSG §2A6.1 | 12 |
| USSG §3A1.2(b) | +6 |
| Adjusted Offense Level | 18 |
| Highest Offense Level | 18 |
| Units | +5 |
| Combined Offense Level | 23 |
| Career Offender | 24 |
| Acceptance | -3 |
| Total | 21 |
| Criminal History Category | VI |
| Guideline Sentencing Range: | 77 to 96 months |

While the government does not believe groups four through six are appropriate since the victims would not be able to constitute separate counts if charged, the government agrees that the defendant is a career offender and the grouping issue is moot when determining the applicable advisory guideline range.

## III.  GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).  The Court, in determining the particular

3

sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 21/Criminal History Category VI – 77 to 96 months of imprisonment. The appropriate sentence in this case is 96 months based on the defendants past pattern of criminal conduct.

This case continues the pattern of criminal conduct by this defendant that began when he was merely 17 years old. He has an extensive history of violent offenses and sending threatening letters to judges and the former president of the United States. The most aggravating factors in this case is the timeline of events. In November 2017, the defendant sent a letter threatening to kill United States District Court Judge Reade. The agents then interview the defendant in December 2017 wherein he admitted to sending the letter, making the excuse that he was off his medications. After checking with the prison, there was no record of the defendant refusing his medications during the time period before the letter was sent. The defendant does not heed the agent's advice and continued to send letters. In January 2018, the defendant sent another letter wherein he threatened to kill United States District Court Judge Barbier and his family. The defendant does not stop there, but sends a third letter to District Court Judge Gamon, wherein he threatened her life, two detectives, and a prosecutor. These letters are identical to those he sent in 2012, in which he was convicted for and sentenced to 40 months in prison. This pattern of behavior shows that the defendant will not follow the law and will continue to commit crimes similar in nature, causing others to fear for their lives.

4

Based on the information contained in the presentence investigation report and the argument above, the Government submits that a sentence of 96 months is sufficient but not greater than necessary to meet all the sentencing goals. This sentence should run consecutive to the sentence pronounced in FECR008591, in which he is currently serving a sentence. This term of imprisonment should also run consecutive to the sentence in 3:13-cr-10-01, in which he was sentenced to 40 months and has not yet served.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/ Melisa Zaehringer*_____
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019, I electronically filed the
foregoing with the Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served on the parties or attorneys
of record by:          X   ECF/Electronic filing
UNITED STATES ATTORNEY
By: */s/ Melisa Zaehringer* , Assistant U.S. Attorney